UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONIDAS DELPILAR,

           Plaintiff,

- against -

FOODFEST DEPOT, LLC, et al.,

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-23-15

**OPINION AND ORDER**

**15-CV-0459 (RA) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

This case was referred to the undersigned for resolution of a motion to compel filed by Defendants Foodfest Depot LLC, Michael Tyras, and Guasavo Tyras (collectively, "Foodfest") (Doc. No. 27, 31.) Foodfest seeks an order to compel Plaintiff Leonidas Delpilar ("Delpilar") to produce his income tax returns for the years 2013 and 2014. (Doc. No. 27.) The Court held a conference on the matter on December 14, 2015, at which only counsel for Foodfest appeared. Having reviewed the written submissions of the Parties and considered defense counsel's arguments at the conference, **IT IS HEREBY ORDERED THAT** Foodfest's Motion to Compel is **DENIED**.

## II. BACKGROUND

Delpilar brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201. et seq. ("FLSA") and New York Labor Law § 663(1), alleging that Defendants violated minimum wage and overtime requirements. (Doc. No. 14 (Amended Complaint).) The Motion before the Court relates to evidence of when Delpilar began his employment with Foodfest, a date that is in dispute. Delpilar alleges he began working for Foodfest on September 7, 2013. (Doc. No. 14 at 3.) From that date until February 2014, he alleges that he was paid $600 in cash each week for at

least 84 hours of work. (*Id.* at 4.) In February 2014, he claims that he began earning $1,400 each week. (*Id.*) In support of his allegations, he attached a sworn declaration from his former Foodfest supervisor, Steven Kontonicolaou, which confirms that Delpilar was paid in cash from September 2013 to February 2014, when he allegedly "went on the books," and began to be paid by check. (Doc. No. 32-2 at 5.) Foodfest, however, claims that Delpilar's employment did not begin until February 23, 2014, denying that the period of "off the books" cash employment occurred. (Doc. No. 30 at 3.) In support of its position, Foodfest produced W-4 and I-9 forms, both signed by Delpilar on February 23, 2014, a list of Delpilar's paychecks starting on March 5, 2014, and timeclock records that begin on February 23, 2014, and a W-2 for the 2014 tax year. (Doc. No. 30-3.) Neither a W-2 nor a 1099 was issued to Delpilar in 2013. (Doc. No. 32 at 5.)

### III. DISCUSSION

Before the Court is Foodfest's Motion to Compel production of Delpilar's income tax returns for the years 2013 and 2014. (Doc. No. 27.) Delpilar argues that the tax returns are not relevant and that Foodfest lacks a compelling need for the documents.

Under Rule 26(b) of the Federal Rules of Civil Procedure, the scope of discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," where "the burden of the proposed discovery" is not "outweigh[ed] [by] its likely benefit." Fed. R. Civ. P. 26(b)(1). Although tax returns are not privileged documents, courts are reluctant to order their discovery in part because of the "private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." *See Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979) (citing *Mitsui & Co. Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 80 (D.P.R. 1978); *Payne v. Howard*, 75 F.R.D. 465, 470 (D.D.C. 1977); *Wiesenberger v. W.*

*E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y. 1964)). In order to reconcile privacy concerns with liberal pretrial discovery, a two-pronged inquiry must be used when determining whether a party's tax returns should be produced for discovery. *Chen v. Republic Rest. Corp.*, 07 Civ. 3307 (LTS) (RLE), 2008 U.S. Dist. 24000, at *4 (S.D.N.Y. Mar. 26, 2008) (citing *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964)). Tax documents should not be provided for discovery purposes unless 1) they appear relevant to the subject matter of the action, and 2) there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable. *Id.* at 4-5 (citing *Smith v. Bader*, 83 F.R.D. 437 (S.D.N.Y. 1979)). *See also Ellis v. City of New York*, 243 F.R.D. 109, 111-112 (S.D.N.Y. 2007).

**A.    Relevance**

Foodfest argues that the tax returns are "clearly relevant" evidence of Delpilar's actual start date. Because Foodfest and Delpilar have each supplied conflicting evidence of Delpilar's start date, Foodfest argues, the tax returns will "allow[] the court and Defendants to assess the accuracy of Plaintiff's allegations," "because any income received from Foodfest during the years 2013 and 2014 will be reflected in said tax returns." (Doc. No. 30 at 6.) Foodfest continues that the "amount of income he received during said tax years" would "go a long way to resolve the dispute of fact …" (*Id.*)

The Court disagrees with Foodfest's assessment of the value of the tax returns in resolving Delpilar's start date. If cash wages were not reflected on Delpilar's tax returns, this would have little bearing on his allegation that Foodfest employed him "off the books" from September 2013 to February 2014, as tax returns are not dispositive of income. *Jia Hu Qian v. Siew Foong Hui*, 11 Civ. 5584 (CM), 2013 U.S. Dist. LEXIS 85595 at * 9 (S.D.N.Y. June 14, 2013) (finding that an employer's tax returns showing gross volume of sales under the $500,000

threshold were not dispositive evidence of the employer's FLSA coverage). Moreover, tax returns do not contain the specific relevant information sought to be proven here, that is, date of hire. Thus, I find that Foodfest has failed to articulate how the tax returns are relevant to prove Delpilar's start date.

## B. Compelling Need

Even if the returns could be shown to have some relevance, Foodfest has failed to provide a compelling need for the returns because it has not shown that "the information contained therein is not otherwise readily obtainable." *Smith*, 83 F.R.D. 437. Although Foodfest argues that that "there is no other document or least restrictive means of refuting or proving Plaintiff's allegations" about his start date, it acknowledges that the record already contains its own wage and hour records and a statement from Delpilar's witness. (Doc. No. 30 at 6.) These documents are more compelling evidence of Delpilar's start date than his tax returns.

## IV. CONCLUSION

The tax returns sought are not relevant, and Foodfest has failed to demonstrate a compelling need for these returns. Accordingly, Foodfest's Motion to Compel is **DENIED**.

**SO ORDERED this 23rd day of December 2015**
**New York, New York**

                                                                                              _____
                                                                                              The Honorable Ronald L. Ellis
                                                                                              United States Magistrate Judge