**McCallion & Associates, LLP**
100 Park Avenue, 16th Floor, New York, NY 10017
Telephone: 646-366-0884 / Facsimile: 646-366-1384
www.mccallionlaw.com

**Kenneth F. McCallion**
kfm@mccallionlaw.com

**VIA ECF**

March 7, 2016

Magistrate Judge Ronald L. Ellis
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: Delpilar v. Foodfest Depot, LLC et al
Docket No: 1:15 – CV-00459, RA-RLE

Dear Judge Ellis:

   I write on behalf of the defendants as a follow up to the conference with the Court dated March 2, 2016.

   I have had further discussions with Konstantinos Tyras ("Mr. Tyras"), the individual defendant who was present during a portion of the January 11, 2016 mediation.[1]

   Mr. Tyras apparently left the mediation prior to its conclusion, and was not present when the Term Sheet was prepared and executed by his former counsel. Indeed, Mr. Tyras was unaware that a Term Sheet had been signed by his counsel at the mediation, and was apparently unaware that the basic financial terms of the settlement had been agreed to by his former counsel and reduced to writing. According to Mr. Tyras, he had not seen a copy of the Term Sheet until I recently sent him one following the Court conference of March 2, 2016.

   Nevertheless, the basic financial terms set forth in paragraph 1 of the Term Sheet were discussed in Mr. Tyras' presence during the mediation session prior to his departure, and he apparently authorized his counsel to conclude the negotiations on his behalf. Therefore, defendants must concede that they are bound by the financial terms of the settlement as reflected in paragraph 1 of the Term Sheet, which call for six installment payments totaling $100,000.00.

   However, Mr. Tyras does not recall agreeing to the terms of paragraph 4 of the Term Sheet, which would require the individual defendants to sign personal Confessions of Judgment. The defendants have no objection to a Confession of Judgment being executed

---

[1] Konstantinos Tyras is incorrectly listed in the caption of the case as "Gustavo Tyras," and the same incorrect name appears in the body of the Term Sheet dated January 11, 2016.

by the corporate defendant, but believe that a requirement that they sign individual Confessions of Judgment would be unnecessary and unduly harsh.

Defendants, therefore, are prepared to complete a settlement based on the basic financial terms set forth in the Term Sheet. With regard to the other non-financial provisions that are either not clearly set forth in the Term Sheet, such as the time period for any "curing provisions" in the event of a default (see paragraph 5), the provisions calling for personal Confessions of Judgment (paragraph 4), and the penalty provisions to the effect that "Defendants are not entitled to [a] credit for any and all amounts paid prior to the entering of the [Confession of] Judgments," defendants have authorized their undersigned counsel to engage in good faith discussions to resolve these issues and finalize the settlement, subject to Court approval.

Very truly yours,

Kenneth F. McCallion

cc: All counsel of record (via ECF)